2005 UT 18

Luis PEREZ–LLAMAS, Petitioner,

v.

UTAH COURT OF APPEALS, and Judges Russell W. Bench, Judith M. Billings, and Pamela T. Greenwood, in their judicial capacities, Respondents.

No. 20041136.

Supreme Court of Utah.

March 29, 2005.

Joseph Jardine, Salt Lake City, for petitioner.

Brent M. Johnson, Salt Lake City, for respondents.

Mark L. Shurtleff, Att'y Gen., Laura Dupaix, Asst. Att'y Gen., Salt Lake City, for the State.

PER CURIAM:

¶ 1 Luis Perez–Llamas was stopped by a highway patrol officer and arrested when marijuana was discovered in a shrink-wrapped tire in the van in which he was traveling. Perez–Llamas unsuccessfully moved to suppress the evidence and then entered a conditional guilty plea to possession with intent to distribute a controlled substance, a second degree felony. The district court imposed the sentence applicable to the level of conviction but suspended that sentence in favor of a 364–day jail term. On the same date Perez–Llamas was sentenced, he filed an application for a certificate of probable cause, which the district court denied. Perez–Llamas then filed an application on appeal with the court of appeals. The State filed a response within five days, and the court of appeals issued an order denying the application seven days later. The court of appeals held Perez–Llamas had failed to meet the substantive criteria for obtaining the certificate. Perez–Llamas then filed the instant petition for extraordinary relief.

¶ 2 In his petition before this court, Perez–Llamas does not seek review on the merits. Rather, he requests an order directing the court of appeals to provide him with a hearing pursuant to rule 27(e) of the Rules of Criminal Procedure. We conclude the court of appeals in fact provided Perez–Llamas with a hearing within the context of rule 27 and the Appellate Rules. Accordingly, we deny the petition for extraordinary relief.

## ANALYSIS

¶3 As an initial matter, we conclude the petition is properly before this court. While review of the court of appeals' decision arguably could be brought by petition for certiorari, we do not deem that relief to be adequate or speedy under the facts of this case. *See* Utah R.App. P. 19; Utah R. Civ. P. 65B. In particular, plenary review on certiorari consumes considerable time, and it is likely the bulk of Perez–Llamas' sentence would have expired by the time a petition was considered, granted, and adjudicated. Furthermore, as will be discussed below, the governing provision, rule 27 of the Rules of Criminal Procedure, plainly contemplates an expedited review process.[1]

¶4 Rule 27(a)(2) provides: "A sentence of fine, imprisonment, or probation shall be stayed if an appeal is taken and a certificate of probable cause is issued." Subpart (b) of rule 27 sets forth procedures and standards expressly directed to the trial court. In particular, that subpart requires a finding by "clear and convincing evidence that the defendant is not likely to flee during pendency of the appeal and that the defendant will not pose a danger to the safety of any other person or the community." Subpart (c) provides for appeal in the event the trial court denies the initial application for a certificate. Subpart (d) delineates various procedural and substantive requirements for an application for a certificate. Subpart (d)(3) appears to be expressly limited to materials required in support of an application on appeal, whereas subpart (d)(2) appears to set forth requirements for any application for a certificate, whether filed with the trial court or the appellate court.[2] Subpart (d)(2) additionally requires a convicted defendant to demonstrate that the issues on appeal "raise a substantial question of law or fact reasonably likely to result in a reversal, an order for a new trial or a sentence that does not include a term of incarceration." Subpart (e) initially draws a distinction between applications to the trial court and the appellate court by dictating which officer of the State must be served with a copy of the application and supporting materials. It is apparent that this distinction was drawn for the limited purpose of assuring proper service on the State. The remaining balance of subpart (e) appears to address all applications for a certificate. It provides in relevant part:

An opposing memorandum may be filed [by the appropriate State officer] within 10 days after receipt of the application. A hearing on the application shall be held within 10 days after the appropriate court receives the opposing memorandum, or if no opposing memorandum is filed, within 15 days after the application is filed with the court.

Utah R.Crim. P. 27(e)

¶5 Rule 27 provides what is essentially an expedited procedure for determining a convicted defendant's eligibility for release on bail pending resolution of the appeal. Plainly, the short time frame contemplated for adjudication of an application, both before the trial court and on appeal, is significant. If a convicted defendant is otherwise eligible for release pending appeal, the rule contemplates a speedy resolution of the application to avoid protracted incarceration prior to that release.

¶6 Perez–Llamas asserts rule 27(e) requires the appellate court to provide an

---

1. The Appellate Rules do not specifically provide for review of applications for certificates of probable cause. With regard to stays pending appeal in criminal cases, rule 8(c) of the Appellate Rules explains that rule 27 of the Criminal Rules governs. Nonetheless, as further discussed below, various provisions of the Appellate Rules remain relevant to the proper construction of the key disputed provision of rule 27. Of further note, rule 27 was amended effective November 1, 2004. Both of Perez–Llamas' applications for a certificate of probable cause were filed after that date, and all citations in this opinion reference the new version.

2. The global scope of subpart (d)(2) can be inferred from the immediately preceding subpart (d)(1), which provides that "[n]o certificate of probable cause shall issue except upon application of the defendant filed with the *appropriate court*." (Emphasis added.) Subpart (d)(3), on the other hand, expressly limits itself to "any appeal." Subpart (d)(3)(D) also requires a statement detailing the defendant's unsuccessful application to a previous court.

"oral" hearing, either in the form of argument on the legal merits of the petition or in the form of a full evidentiary review.[3] While rule 27(e) does require a "hearing," its evident focus is on the materials that are to be submitted in connection with an application or the appeal of a denial of an application and on the timing of the adjudication of the application. Apart from the requirement that a hearing be afforded within the designated time frame, the rule offers no independent definition or description of what constitutes a hearing. Accordingly, we find it useful to address Perez–Llamas' contention by looking to the context in which the procedure prescribed by rule 27(e) would have its effect in both the trial court and the appellate court.

¶ 7 Trial courts are primarily responsible for collecting evidence and adjudicating matters in the first instance. With respect to legal arguments, such as those presented on motions to dismiss or summary judgment, trial courts often will receive pleadings and conduct oral hearings to assist in the adjudication of those motions. With respect to matters requiring a judge to resolve conflicting factual disputes, an evidentiary hearing may be held. In the trial court, rulings on an oral or evidentiary hearing are often rendered within a short time after the hearing. Indeed, the trial court may announce its ruling from the bench, with findings of fact and conclusions of law issued shortly thereafter.

¶ 8 The trial process is also structured in a manner that allows each aspect of the process to inform subsequent aspects. In criminal cases, the judge who presided over the trial or plea that resolved the case ordinarily will be the same judge who conducts a sentencing hearing and imposes sentence. Similarly, the same sentencing judge ordinarily will entertain any application for a certificate of probable cause. While adjudication of the application may involve factors not examined in the trial or sentencing process, those earlier processes can provide important background and context for determining whether a convicted defendant is a flight risk or a

danger to the public, and whether a convicted defendant's appeal is reasonably likely to result in a reversal or other significant alteration to his conviction or sentence. To the extent there are additional disputed facts relevant to disposition of the application, or the trial court judge needs to collect information not readily available in the written application and response, an oral hearing or evidentiary hearing may be necessary to properly resolve the application.

¶ 9 By contrast, appellate courts do not conduct evidentiary hearings in the ordinary course, as their review typically focuses upon the legal correctness of a lower tribunal's decision. In the unusual circumstances where an appellate court does directly collect and analyze testimony and evidence, it will appoint a special master for that purpose.

¶ 10 Oral argument is the typical method by which information is presented in person to the judges of an appellate court. However, oral argument is conducted for the limited purpose of obtaining information that is *supplemental* to the written briefs. At the appellate level, the parties are expected to make their full case in the written pleadings and the reception of supplemental information at oral argument is not always necessary. Indeed, it may only delay resolution of a matter that is less complex or more time-sensitive than a plenary appeal of a judgment below. In short, oral argument is a tool for assisting the appellate court in its decision making process, not an independent due process right vested in the parties.

¶ 11 The Appellate Rules recognize this fact by placing the decision to hold oral argument within the discretion of the appellate court. For instance, rule 23 of the Rules of Appellate Procedure governs with respect to motions not amounting to a request to dismiss a case or to rule on the merits. Rule 23 does not require oral argument, and such argument is held only when the appellate court deems it appropriate. As for plenary treatment of a case on the merits, rule 29 of the Appellate Rules provides that the appellate court in its discretion may choose not to

**3.** At oral argument, Perez–Llamas essentially conceded an evidentiary hearing was an impractical requirement on appeal. Nonetheless, we address that form of review because it theoretically could be posited as the form of hearing required by rule 27.

hold oral argument if the appeal is deemed frivolous, the issue on appeal has already been decided, or "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29. Moreover, rule 2 of the Appellate Rules allows the appellate court to suspend all provisions of the Appellate Rules except those that impose jurisdictional limits on the appellate court's authority to entertain an appeal or a petition.

¶ 12 Given this context, we do not believe the reference to a "hearing" in rule 27(e) requires both the trial court and the appellate court to follow precisely the same procedures in adjudicating an application for a certificate of probable cause. Nor do we believe "hearing" has a fixed meaning as a recitation of a list of prescribed judicial procedures to be followed. Rather, "hearing" refers to the adjudication process itself, and is peculiar to the context in which it is applied. For example, notice and the opportunity to be "heard" are frequently recited as the essential elements of due process. *See, e.g., Bailey v. Bayles,* 2002 UT 58, ¶ 11 n. 2, 52 P.3d 1158. Yet, this does not always mean a party's voice must be orally transmitted to the ear of a judge. Rather a party must simply be afforded a meaningful opportunity to submit relevant information and persuasive legal reasoning to the court. The manner of communication may vary, so long as it is effective to the context of the adjudication.

¶ 13 Before the trial court, an oral hearing on the legal merits of the application, or even an evidentiary hearing, may be the ordinary and appropriate course for an application for a certificate of probable cause.[4] Moreover, where the trial court setting is more adapted to rendering decisions quickly, it would be reasonable to anticipate a hearing and a ruling on an application for a certificate of probable cause within the time frame contemplated by the rule.

¶ 14 In the appellate court, an oral hearing is not necessary or required to ad-

dress the denial of an application for a certificate of probable cause. The appellate court may look to relevant provisions of the Appellate Rules for guidance. As noted above, the criteria set forth by rule 29 of the Appellate Rules provide relevant guidelines to the circumstances when oral argument is appropriate as a general matter. Rule 2 also may be relevant in cases where the appellate court deems it necessary to suspend other rules.

¶ 15 In this case, there is no allegation that Perez–Llamas was deprived of the opportunity to present appropriate argument and affidavit in written form to the court of appeals. Moreover, he has not articulated how the presentation of additional information at oral argument would have generated a different outcome. The court of appeals reviewed the substantive criteria set forth by rule 27 in a timely manner and denied the application. We conclude that Perez–Llamas has not shown any violation of the provisions of rule 27 of the Rules of Criminal Procedure. Accordingly, the petition for extraordinary relief is denied.

---

4. In the narrow context of this petition, it is not clear whether a full oral hearing in the trial court would be necessary in every case. That question is not before us. We hold only that rule 27 requires an adjudication that is consistent with the regular procedures and rules governing the operation of the court in which an application for a certificate of probable cause is brought.